UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN P. BAKER,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | 2:24-CV-05517 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on *pro se* petitioner Jonathan P. Baker's ("Petitioner" or "Baker") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 1, 6. For the reasons set forth below, Petitioner's motion is **DENIED**.

### I. BACKGROUND

On December 11, 2019, Baker was indicted on five counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of money laundering in violation of 18 U.S.C. § 1957. *United States v. Baker*, No. 19-cr-902, ECF No. 1.[1] On January 27, 2021, a grand jury returned a superseding indictment against Baker, adding five counts of violating 26 U.S.C. § 7202 for failure to collect, truthfully account for, and pay over payroll taxes to the Internal Revenue Service ("IRS"). ECF No. 27. In sum, the charges alleged that Baker used his position as chief financial officer of a company to embezzle millions of dollars where he diverted payroll tax payments to fund his outside business ventures.

On May 23, 2023, Baker pled guilty pursuant to a plea agreement to one count of failing to collect, truthfully account for, and pay over payroll taxes to the IRS in violation of 26 U.S.C. § 7202. The Government dismissed the other counts of the superseding indictment, including the fraud and money laundering charges. As part of the plea agreement, Baker agreed that the tax loss associated with his offense was $493,088.78. The only open Guidelines issue at sentencing was whether a two-point enhancement under U.S.S.G. § 3B1.3 should apply because Baker abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense. At sentencing, this Court agreed the two-point enhancement should apply, resulting in a Guidelines range of 18-24 months'

---

[1] For convenience, unless otherwise noted, references to the criminal docket are cited herein as "Crim. Doc. No. #".

imprisonment. However, the Court applied a downward variance and sentenced Baker to 13 months' imprisonment. Baker did not appeal his sentence. On June 5, 2024, after unsuccessfully attempting to obtain bail from this Court and the Third Circuit, Baker reported to Canaan SCP to serve his sentence.

Baker filed this motion on April 23, 2024. The Government filed its opposition on July 11, 2024. Baker requested an extension of time to file his reply brief, which the Court granted on September 11, 2024. Baker did not ultimately file a reply brief.

Baker's petition claims he received ineffective assistance of counsel at the time of his sentencing. Specifically, he claims defense counsel: "(i) failed to raise to the Court the issue of a missing presentence report [ ] at the start of the sentencing hearing; (ii) failed to object to the contents of the PSR utilized by the Court at the time of sentencing; (iii) failed to provide Defendant with a complete copy of any PSR; (iv) failed to include relevant [ ] information in the sentencing memorandum concerning Defendant's medical condition and further failed to raise same during the sentencing hearing; (v) failed to include relevant [ ] information . . . concerning the medical conditions of two of Defendant's three young children and failed to raise same during the sentencing hearing; (vi) made a patently incorrect argument against the application of 3B1.3 sentencing enhancement (citing the wrong standard); (vii) failed to introduce financial documents which had been discussed with Defendant and were in counsel's possession at the time of sentencing that would have refuted the Government's position concerning relevant conduct; (viii) failed to introduce to the Court documents which had been discussed with Defendant and were in counsel's possession at the time of sentencing evidencing Defendant's long-ongoing and substantial payments to the purported victim company; (ix) failed to advise Defendant that he had received notice that a representative of the purported victim company would be addressing the Court (counsel shared an email from the Government with Defendant once they were seated at the counsel table at the hearing); and (x) misrepresented to Defendant on three separate occasions that he had received confirmation from the Government that conduct alleged and which was outside the scope of the tax offense to which Defendant had pleaded guilty would not be raised by the Government at the time of sentencing."

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), cert. denied 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). Finally, this Court notes its duty to construe pro se pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

Baker's 2255 Petition raises 10 grounds for ineffective assistance of counsel. For Baker to prevail on any of these, he must demonstrate that (1) his counsel's performance was deficient and (2) that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). To succeed on the deficient performance prong, Baker must show that his attorney's representation "fell below an objective standard of reasonableness." *Strickland*, at 688. To prove the second prong of prejudice, Baker must demonstrate to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007) (quoting *Strickland*, 466 U.S. at 694).

> *i. Baker Was Not Prejudiced by Counsel's Failure to Call the Court's Attention to the Revised Presentence Report*

First, Baker argues that his counsel's performance was deficient because he failed to call the Court's attention to revisions to the operative presentence report after the Court indicated that it was reading from an earlier version. The initial draft PSR ("September Draft Report") in this case was filed on September 29, 2023. Crim. Doc. No. 60. The Court received a final presentence report ("October Report") on October 27, 2023. Crim. Doc. No. 62. After a revision to the sentencing guidelines took effect in November 2023, the Court received a revised final presentence report ("December Report") on December 7, 2023, the only revision to which was the implementation of a two-point reduction pursuant to the 4C1.1 credit incorporated in the revised guidelines. Crim Doc. No. 64. At sentencing, the Court asked the parties, "[t]here's also a two-point reduction for 4C1.1 that I don't think anybody disputes. Correct?" Crim Doc. No. 67 ("Sentencing Tr.") at 4:2-3. Counsel for both parties agreed. *Id.* at 4:4-5. The Court then asked the parties to confirm that the PSR level of 17

3

"does not include the two-point reduction for the guideline that took effect on November of '23. Correct?" *Id.* at 4:10-13. The Government replied that "Probation entered a new, a revised presentence report on December 7, 2023 … [that] did give the defendant the two points under 4C1.1." *Id.* 4:14-17.

Baker asserts that the Court must have only reviewed the September Draft Report prior to and during the sentencing because "[t]he only PSR that did not include [the two-point reduction] was the one dated September 29, 2023." Mot. 6-7. This is incorrect: the October Report did incorporate Defendant's objections, and also predated the two-point reduction. *Compare* October Report at 16 ("Total Offense Level: 17") *with* December Report at 16 ("Total Offense Level: 15"). The October Report is the presentence report that the Court had on-hand at the sentencing. *See* Sentencing Tr. at 5:9-16.[2] Baker contends that the December Report's two-point revision "was simply confirming the speculative reduction discussed in the October 27 version of the PSR." ECF No. 1. But this description cuts squarely against Baker's argument: the fact that the Court acknowledged that the parties anticipated a two-point reduction per the revised guidelines but did not see that reduction reflected in the PSR confirms that the Court was looking at the October Report, which included language indicating an impending applicable guidelines change but did not incorporate that change in its sentencing calculation.

Defense counsel's decision not to press the Court on Baker's belief that the Court had not reviewed the October PSR was not only reasonable, but reflected defense counsel's correct understanding of the record before the Court.

As to the difference between the October Report and the December Report, the Government correctly notes that Baker cannot demonstrate prejudice because the Court applied the two-point reduction consistent with the revised guidelines as called for by the December Report. Ultimately, the Court varied further downward, from an offense level of 15 to 13, and issued a sentence at the low end of that reduced guidelines range. *See* Sentencing Tr. at 41:5-20. Baker cannot, and does not, credibly allege that he was prejudiced by his counsel's failure to object to the Court's momentary reference to an outdated presentence report when the sentence the Court imposed fell below the guidelines recommendation in any of the presentence reports.

        *ii.*    *Defense Counsel Directed the Court to Baker's Written Objections to the Court's Adoption of the PSR*

---

[2] The Court mistakenly remarked during the hearing that it was "looking at the one from September" after checking the date of the presentence report before it and seeing a September date in the bottom left corner of the first page next to "Date Report Prepared." The finalized date of the report before the Court was October 27, 2023, as is reflected in the bottom *right* corner of the first page of that report.

4

Baker's second argument fails both prongs of the *Strickland* test. First, the sentencing record demonstrates that, despite Baker's argument to the contrary, defense counsel did repeatedly press Baker's argument that facts pertaining to the alleged fraudulent conduct should not be considered for the purpose of sentencing. *See, e.g.*, Sentencing Tr. 28:12-18 ("I don't want to belabor the point. I just – and I think I heard from Your Honor that you are not going to consider allegations that he unjustly enriched himself or committed intentional fraud as part of your sentence, and I will end with that, because I think that's fair. My client has strongly disputed that he did this with a fraudulent intent and he wanted to unjustly enrich himself." ).

As to prejudice, the Court indicated on the record that it did not base its sentence either on Ms. Fischer's victim impact statement nor on conduct other than the tax violation to which Baker pled guilty:

> I appreciate Ms. Fischer stepping forward. It was obviously, there's no question he caused a lot of disruption, a lot of hurt for his conduct as a member of that board or the CFO, all of which was wrong. **But what's before me for sentencing purposes is this tax violation, which is clear, he pled guilty to. And a lot of the other conduct, I'm not happy about, I mean it's clearly he caused the disruption. What the circumstances were around all of that, though, I really can't tell.**

Sentencing Tr. 27:15-23 (emphasis added). Baker has not established either that his counsel acted objectively unreasonable in his actions with respect to the non-tax conduct raised during sentence, nor that he was prejudiced by any such error.

### iii. *Baker Was Not Prejudiced by Counsel's Purported Failure to Provide Him With Complete Copies of All Pre-Sentence Reports*

Baker's counsel's actions with respect to the provision of copies of the presentence reports to Baker were not objectively unreasonable—as the Government notes, defense counsel sent Baker the September Draft Report, omitting only the final four pages which "contains an appendix included in every PSR concerning the special conditions of supervision that *may* be imposed at sentencing." ECF No. 6 at 5. Defense counsel then sent Baker the final pages of the October Report–*i.e.*, the only pages comprising changes from the September Draft Report. Baker Decl., ECF No. 1-2, at 39. Neither of these actions fall outside the range of professionally reasonable assistance. And finally, assuming that defense counsel did not provide Baker with a copy of the December Report, Baker could not have been prejudiced by counsel's omission, because the only change in the December Report was a two-point reduction in his sentencing recommendation, the benefit of which Baker did receive at sentencing.

> iv. *Defense Counsel Did Include Information Regarding Baker's Medical Condition and Baker's Childrens' Medical Conditions in his Pre-Sentencing Memorandum*

Baker's next two claims of ineffective assistance are belied by the record. Baker argues that his counsel failed to adequately press the Court for leniency in sentencing on the basis of his own medical condition and the medical conditions of his children. But the sentencing memorandum submitted by defense counsel does request leniency for Baker based both on his own "significant physical and mental health problems" and based on the health conditions of his children. The December Report, in turn, acknowledges Baker's childrens' medical problems, referring to the fact that one child is "under the care of a neurologist to treat emotional and behavioral issues" and has been "diagnosed with Tourette's Syndrome," and the other of whom, the report notes, was being "evaluated for sensory processing and autism disorder." ¶ 79. Defense Counsel's advocacy on this point was clearly sufficient to bring Baker's and his family's health concerns to the Court's attention for consideration during sentencing.

> v. *Defense Counsel's 3B1.3 Sentencing Enhancement Argument Did Not Constitute Deficient Performance*

Courts evaluating claims of deficient legal representation are "highly deferential" and find deficiency only when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Brooks v. Smith*, No. CV 21-5475, 2022 WL 4635873, at *5 n.52 (E.D. Pa. Sept. 30, 2022) (quoting *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999)). Baker argues that defense counsel erred by making an "incorrect" argument at sentencing with respect to the application of the abuse-of-trust sentencing enhancement pursuant to U.S.S.G. § 3B1.3. At sentencing, defense counsel argued that this enhancement was inapplicable based on his interpretation of what constituted "relevant conduct" under the Guidelines, and claimed that his interpretation was consistent with caselaw. Sentencing Tr. at 13:12-22. The Government contested Baker's counsel's characterization of the case law. *Id.* at 14:7-11. Defense counsel's argument was unsuccessful. But his advocacy on this point was more than sufficient—and, indeed, presented the Court with "a very difficult call" on the application of the enhancement. *See* Sentencing Tr. at 24:14-14. Baker's claim fails.

> vi. *Defense Counsel's Failure to Introduce Financial Documents at Sentencing Did Not Constitute Deficient Performance nor Prejudice Defendant*

Baker objects to his defense counsel's decision not to introduce certain documents at sentencing after previously indicating that he planned to do so. Baker relies on an email from his defense counsel stating "Upon reflection, I decided not to include the balances due [Hudson Black, Inc. ("HBI")]. I have them in case the Court inquires at sentence time." ECF No. 1-1 at 18. Again, this strategic decision does not constitute deficient performance. *See*

6

*Buehl*, 166 F.3d at 169 ("We … indulge a strong presumption that under the circumstances, counsel's challenged actions might be considered sound … strategy"). And Baker endured no prejudice from his counsel's decision not to submit documentation related to the embezzlement allegations at sentencing, because Baker's sentence was rendered solely on the basis of his tax violation. *See, e.g.*, Sentencing Tr. at 18:9-13; 27:19-20.

### vii. Defense Counsel Did Address Baker's Payments to HBI At Sentencing

Baker contends that his counsel was deficient because he failed to present evidence of Baker's payments to HBI during sentencing. Both the sentencing memorandum submitted by Baker's counsel and his argument at the sentencing hearing contradict his assertion. *See* Sentencing Tr. at 31:21-25. Baker's claim fails.

### viii. The Record Demonstrates that Defense Counsel Did Advise Baker that an HBI Representative Would Speak at Sentencing

Baker claims that his counsel failed to advise him that a representative from HBI would address the Court at sentencing until moments before the hearing began. But Baker's own declaration contradicts his claim—he states that his counsel indicated that the Court "may let [HBI] speak a little" while doubting that the testimony would be central to the Court's consideration. Baker Decl., ECF No. 1-2, at ¶ 31. Moreover, to the extent this alleged misconducted could have constituted error, Baker identifies no prejudice arising from the inclusion of HBI's testimony.

### ix. Baker Was Not Prejudiced By Defense Counsel's Alleged Assurance that Government Would Not Rely on Relevant Conduct at Sentencing

Finally, Baker's claim that his counsel assured him that the Government would not rely on conduct related to the dismissed embezzlement counts was not error because the Government did not, in fact, rely on such evidence at sentencing. *See* Sentencing Tr. 14:21-15:3. Even if it had, in reaching its sentence, the Court relied only on conduct relevant to the charge at hand. Accordingly, Baker suffered no prejudice as a result of his counsel's alleged misguided assurances.

Accordingly, Baker's motion is **DENIED**.

## B. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

Case 2:24-cv-05517-WJM  Document 9  Filed 12/27/24  Page 8 of 8 PageID: 658

(2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no jurists of reason could disagree with this Court's resolution. Accordingly, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

For the reasons set forth above, Petitioner's motion is **DENIED** and a certificate of appealability will not issue.

An appropriate order follows.

Date: December 27, 2024

WILLIAM J. MARTINI, U.S.D.J.

8